**The Roberts-Manchester Publishing Company, Plaintiff in Error, v. William H. Wise, Defendant in Error.**

### Gen. No. 13,721.

1. INTEREST—*when unreasonable and vexatious delay does not appear.* An unreasonable and vexatious delay of payment authorizing the award of interest does not exist where there was a valid legal dispute between the parties as to the validity of the claim.

2. RECOUPMENT—*what does not bar right to interpose.* A default in paying when due a claim made the basis of the action does not bar the right to interpose by way of recoupment a claim recognized as valid but as to which the measure of damages is in dispute.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed April 6, 1908.

RICE & O'NEIL, for plaintiff in error.

ARTHUR W. UNDERWOOD, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

In the conclusions to which we have arrived we have continuously kept in mind the terms of the Municipal Court Act, which inhibits this court from reversing the judgments of the Municipal Court unless satisfied from a statement or stenographic report signed by the judge that the judgment is contrary to the law and the evidence, or that such judgment resulted from substantial errors of the Municipal Court directly affecting the matters at issue between the parties, and making it our duty to decide cases upon the merits as they appear from the stenographic report signed by the judge as found in the record. *Vide* section 23, subdivisions 7 and 8 of the Municipal Court Act.

The plaintiff, a corporation doing business in Milwaukee, Wisconsin, was at the time of making the contract hereinafter referred to, engaged in compiling historical data for a ten volume publication, which it first termed "Documentary History of Civilization," but finally sent it forth to the public under the title of "Ideals That Influenced Civilization." Defendant was at this time a book canvasser for the firm of A. L. Schuman & Co., of Des Moines, Iowa.

Plaintiff, May 20, 1901, by letter stated the terms of a contract for the sale and delivery of 100 sets of the

ten volume publication. The conditions, as affecting the contentions before us, are as follows:

. "You are to purchase as published and to pay for as delivered fifty sets of the work bound in buckram, the regular selling price of which is to be $32.50 per set; forty sets of the work bound in half leather, of which the regular selling price is to be $45.00 per set; and ten sets of the work bound in full leather, of which the regular selling price is to be $60.00 per set. Upon these sets you are to receive a discount of sixty per cent.

"The goods are to be shipped you f. o. b. at Milwaukee, Wisconsin.   *   *   *   You are to have exclusive control of Iowa, and to make sales there only.   *   *   * This contract is to be binding on both parties for one year from date, and thereafter until annulled by either party or superseded."

The concurrence of defendant in the terms so proffered was indicated by his writing upon the letter "Accepted. Wm. H. Wise," and returning it so signed to plaintiff.

A trial before the Municipal Court and a jury resulted in a verdict for defendant, and plaintiff's motion for a new trial being denied, it prosecutes this writ of error and assigns as errors for reversal the overruling of the motion for a new trial and in entering judgment upon the verdict; that the verdict is manifestly against the law and the evidence, and error in admitting any evidence of damage for non-performance of the contract by plaintiff until proof that defendant on his part had complied with its terms.

It is strikingly observable that the contract is silent as to the time when any of the volumes should be delivered. While the law might presume, in the absence of an agreement as to the time of delivery, that deliveries should be made within a reasonable time, yet what would be such reasonable time would have to be determined by reference to the nature of the transaction of the parties to such transaction. But we do not think it is necessary for us to so determine by resort to the inferences of the law. The parties themselves subse-

quently agreed, by parol, as to the time of delivery of the first five volumes of the 100 sets. That date was September, 1901. That none of the volumes were delivered until March 10, 1902, stands admitted, and then but fifty sets of volumes 1 and 2. None of volumes 4 and 5 were delivered until August 5, and September 9, 1902. The date of the last delivery was April 23, 1903. That neither party lived up to the terms of the contract binding them is not a matter of serious controversy. It is equally apparent that defendant made known to plaintiff his claim for damages for delay in delivery of the volumes on more than one occasion anterior to the commencement of this suit. The contract required defendant to pay for the several volumes upon delivery. We are inclined to interpret this to mean when defendant delivered the volumes to the subscribers from whom he took orders; but, be this as it may, the fact remains that he neither paid for the volumes when they were delivered to him or when he delivered them to the subscribers. In fact the only volumes he paid for were those sent to him C. O. D.

The undisputed account shows that volumes to the contract price of $1,134.90 were delivered; that payments were made to the amount of $299.20, and volumes returned and credited to the amount of $136.25, leaving the amount due for volumes delivered and retained by defendant of $699.45.

Plaintiff makes a claim for interest on deferred payments of $169.45, but we are of the opinion, from the facts in proof, that there was a valid legal dispute between the parties, and that defendant's defense and counter claim cannot be said to have been interposed merely for delay. This being so, we are unable to say that the amount claimed by plaintiff was vexatiously withheld, so as to entitle plaintiff to have interest included in any judgment which might be entered upon its claim. The delays in deliveries were in a measure beyond the control of plaintiff. They were occasioned by strikes among printers and bookbinders, growing

out of disagreements between plaintiff and these crafts-men. Such delays, however, from whatever cause they may have arisen, were insufficient to exculpate plaintiff from liability to respond to defendant in damages suf-fered by him owing to long-continued delays in making deliveries. That defendant was not only incommoded in his business, but damaged, is fairly inferable from the proofs. The measure of those damages chargeable to plaintiff must be confined to the items of expenses of two trips to Milwaukee, $75; expenses and loss of time in trip around territory in delivering first two volumes $100; expense of a trip to Chicago $25, and loss of profit on cancelled orders $175. Such was the limitation which the trial court, by its rulings on the evidence and in-structions to the jury, put upon the defendant's counter claim. The total of these items is $375. The ruling of the trial court that defendant was bound to pay for all the volumes received and retained by him from plaintiff at the contract price meets with our sanction; but with the contention of counsel for plaintiff that defendant, because of his failure to make such payments, was pre-cluded from recouping or setting off his damages against plaintiff's claim, we cannot agree. We do not so understand the doctrine announced in Harber v. Moffat Cycle Co., 151 Ill. 56; and if we did, it would be an all sufficient answer to say that the facts in that case and the case at bar are so divergent as not to constitute it an authority of determining force here. The written contract of the parties must be construed in the light of their subsequent actions. While defendant was not relieved from the obligation of his contract to pay for the volumes retained by him at the stipulated price, he was not cut off by reason of his default in this regard from setting off or recouping his damages, suffered through plaintiff's breach, a claim which plaintiff clearly recognized, although the measure of damages was not agreed upon.

It will be seen from what has already been said, that defendant was not entitled to prevail in his recoupment

of damages to the whole amount of plaintiff's claim.
The amount so claimed in excess of $375 is too remote
and speculative to stand as a basis of complete recoup-
ment. Under the evidence in this record, plaintiff was
entitled to a judgment for $699.45, the amount of plaint-
iff's claim, less credits and interest, after deducting
therefrom the sum of $375 damages proven and recov-
erable by defendant for breaches of the contract by
plaintiff. This amount is $324.45.

For the errors indicated the judgment of the Mu-
nicipal Court is reversed and the cause remanded to
that court for a new trial conformable to the views here
expressed.

*Reversed and remanded.*